IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenneth Lee Huckabee, | ) | Civil Action No. 8:14-3503-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Chip Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Kenneth Lee Huckabee, ("Petitioner"), a self-represented state prisoner, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On July 17, 2015, the Magistrate Judge issued a Report, (ECF No. 56), recommending that Respondent's Motion for Summary Judgment, (ECF No. 36), be granted and that the petition be denied. Objections to the Report were due by August 3, 2015. Even giving Petitioner the benefit of the rule of *Houston v. Lack*, 487 U.S. 266 (1988), Petitioner did not file an Objection with the Court until August 7, 2015. (ECF No. 58). Petitioner attempts to justify the lateness of his filing by arguing that although the docket reflects that the Magistrate Judge's Report was mailed to him on July 17, 2015, Petitioner did not actually receive the Report until July 30, 2015. Id. at p. 1. However, Petitioner advances this claim without any accompanying documentary support. Moreover, it is clear that at no point prior to or even subsequent to August 3 did Petitioner seek an extension from this Court for additional time in which to respond to a late-received Report. In any event, despite its lateness, the Court has now received and reviewed Petitioner's Objection, and the

matter is now ripe for disposition.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. The Court has undertaken this *de novo* review, even though Petitioner's Objection was untimely filed and even though Petitioner's 17-page filing consists almost exclusively of restatements of arguments already advanced in prior submissions coupled with inapposite legal citations and efforts to present alternate factual scenarios not supported in the record. Nowhere in Petitioner's Objection does he meaningfully counter any of the core legal conclusions of the Magistrate Judge's analysis. Nor does Petitioner provide any compelling basis for this Court to reject the Magistrate Judge's reasoned determination that what Petitioner refers to as "Ground 6" and "Ground 7" of his petition, which appear in the record for the first time in Petitioner's Response in Opposition to Summary Judgement, (ECF No. 50), are now or ever were properly before this Court.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 56), overruling Petitioner's Objection. (ECF No. 58). Respondent's Motion for Summary Judgment, (ECF No. 36), is **GRANTED** and the petition is **DENIED**. Accordingly, Petitioner's Motion to Include Facts not in State Record, (ECF No. 2), and Motion for Evidentiary Hearing, (ECF No. 3), are likewise **DENIED**.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©. A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

                            s/Mary G. Lewis
                            United States District Judge

August 19, 2015
Columbia, South Carolina